# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:15-CV-00229-MR

| | |
|---|---|
| CHERYL M. DEMAG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for

Summary Judgment [Doc. 10], and the Defendant's Motion for Summary

Judgment [Doc. 12].

## I.    PROCEDURAL BACKGROUND

On June 30, 2011, the Plaintiff, Cheryl M. Demag, filed applications for

disability insurance benefits and supplemental security income payments,

alleging an onset date of September 15, 2009.  [Transcript "T." 233, 238,

268].  The Plaintiff later amended her alleged onset date to August 1, 2011.

[T. 267].    The Plaintiff's applications were denied initially and on

reconsideration.  [T. 182, 194, 208, 216].  Upon Plaintiff's request, a hearing

was held on October 29, 2013, before an Administrative Law Judge ("ALJ").

[T. 42-86].   Present at the hearing were the Plaintiff; Scott H. Shelton,

Plaintiff's attorney; and a vocational expert ("VE"). [Id.]. On February 21, 2014, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled. [T. 23-36]. On August 6, 2015, the Appeals Council denied the Plaintiff's request for review [T. 1-6], thereby making the ALJ's decision the final decision of the Commissioner. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667

F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake

to reweigh conflicting evidence, make credibility determinations, or substitute

[its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal

quotation marks and alteration omitted). Rather, "[w]here conflicting

evidence allows reasonable minds to differ," the Court defers to the ALJ's

decision. Id. (internal quotation marks omitted). To enable judicial review

for substantial evidence, "[t]he record should include a discussion of which

evidence the ALJ found credible and why, and specific application of the

pertinent legal requirements to the record evidence." Radford v. Colvin, 734

F.3d 288, 295 (4th Cir. 2013).

## III.    THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security

Act, as relevant here, is "[the] inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A) (2012). The Social Security Administration

Regulations set out a detailed five-step process for reviewing applications

for disability.  20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d

632, 634 (4th Cir. 2015).  The burden is on the claimant to make the requisite

showing at the first four steps.  Id.

At step one, the ALJ determines whether the claimant is engaged in

substantial gainful activity.  If so, the claimant's application is denied

regardless of the medical condition, age, education, or work experience of

the claimant.  Id.  If not, the case progresses to step two, where the claimant

must show a severe impairment.  If the claimant does not show any physical

or mental deficiencies, or a combination thereof, which significantly limit the

claimant's ability to perform work activities, then no severe impairment is

established and the claimant is not disabled.  Id.

At step three, the ALJ must determine whether one or more of the

claimant's impairments meets or equals one of the listed impairments

("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P.  If so, the

claimant is automatically deemed disabled regardless of age, education or

work experience.  Id.  If not, before proceeding to step four, the ALJ must

assess the claimant's residual functional capacity ("RFC").  The RFC is an

administrative assessment of "the most" a claimant can still do on a "regular

and continuing basis" notwithstanding the claimant's medically determinable

impairments and the extent to which those impairments affect the claimant's

4

ability to perform work-related functions.  SSR 96-8p, 61 Fed. Reg. 34,474,

1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.943(c);

416.945.

At step four, the claimant must show that his or her limitations prevent

the claimant from performing his or her past work.  20 C.F.R. §§ 404.1520,

416.920; <u>Mascio</u>, 780 F.3d at 634.  If the claimant can still perform his or her

past work, then the claimant is not disabled.  <u>Id.</u>  Otherwise, the case

progresses to the fifth step where the burden shifts to the Commissioner.  At

step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative

work which exists in substantial numbers in the national economy.  <u>Id.</u>; <u>Hines</u>

<u>v. Barnhart,</u> 453 F.3d 559, 567 (4th Cir. 2006).  "The Commissioner typically

offers this evidence through the testimony of a vocational expert responding

to a hypothetical that incorporates the claimant's limitations."  20 C.F.R. §§

404.1520, 416.920; <u>Mascio</u>, 780 F.3d at 635.  If the Commissioner succeeds

in shouldering her burden at step five, the claimant is not disabled and the

application for benefits must be denied.  <u>Id.</u>

## IV.   THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial

gainful activity since her amended alleged onset date, August 1, 2011.  [T.

18].  At step two, the ALJ found that the Plaintiff has severe medically

determinable impairments including degenerative disc disease of the spine,

with a history of cervical fusion and laminectomy; chronic obstructive

pulmonary disease; osteoarthritis of the knees; history of Baker's cyst;

obesity; mood disorder; and anxiety disorders.  [T. 26].  At step three, the

ALJ determined that the Plaintiff does not have an impairment or combination

of impairments that meets or medically equals the Listings.  [T. 27].  The ALJ

then determined that the Plaintiff, notwithstanding her impairments, has the

RFC:

> [T]o perform less than the full range of light work as defined in 20
> CFR 404.1567(b) and 416.967(b).[1]  The claimant can lift and
> carry up to 20 pounds occasionally, and lift and carry up to 10
> pounds on a frequent basis; stand or walk approximately 4-6
> hours in an 8-hour workday, sit for approximately 6 hours in an
> 8-hour workday, both with normal breaks.  The claimant is limited
> to sitting, standing, or walking to no more than thirty (30) minutes
> at any one time for any one of the above exertional activities, and
> she cannot leave the work station during this sit/stand option.
> The claimant can use the bilateral upper extremities to push/pull
> on an occasional basis and can use the bilateral lower
> extremities to operate foot controls on an occasional basis.  The

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. §§ 404.1567(b) and 416.967(b).

claimant cannot climb ladders, ropes, or scaffolds but can occasionally climb ramps or stairs. The claimant can balance frequently and stoop on an occasional basis, but cannot crouch, kneel, or crawl. The claimant should avoid concentrated exposure to extreme cold and excessive vibration and avoid concentrated exposure to environmental hazards such as fumes, odors, dusts, and gases, or poorly ventilated areas or chemicals. The claimant should avoid even moderate exposure to hazards such as use of moving machinery or unprotected heights. The claimant is limited to simple routine and repetitive tasks performed in a work environment with no fast-paced production rate work demands with occasional interaction with the public; she cn [sic] work around co-workers throughout the day with occasional interaction with such co-workers.

[T. 29].

At step four, the ALJ found that Plaintiff can no longer perform her past relevant work as a certified nurse's assistant. [T. 34]. At step five, the ALJ determined that, in light of the Plaintiff's RFC, age, education and work experience, and based on the testimony of the VE, jobs exist in significant numbers in the national economy that the Plaintiff can perform. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Act. [T. 35-36].

## V. DISCUSSION[2]

Ordinarily, the Court begins its discussion of matters like these by acknowledging the arguments presented by the opposing parties. As correctly noted by the Defendant, however, the Plaintiff's brief in this case

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

presents no arguments at all. [See (Doc. 13 at 6) ("The Commissioner would ask the court to strike the Plaintiff's legal arguments, but it does not appear that Plaintiff has actually presented any arguments to strike.")]. In Plaintiff's brief, at the beginning of her section entitled "Argument," the Plaintiff writes,

> This Court recently wrote in Volrath v. Colvin (U.S.D.C. W.D.N.C Case Number 1:14-cv-00191-MR), "The Fourth Circuit recently has held that 'an ALJ does not account for a Claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). Because 'the ability to perform simple tasks differ from the ability to stay on task.' Mascio, 708 F.3d at 638 (emphasis added), an RFC limited to simple, routine tasks or unskilled work fails to adequately account for moderate limitations in concentration, persistence, and pace." [p. 7 of slip op.]

> The hypothetical questions presented to the vocational expert by ALJ Chambers do not even come close to satisfying the standard required by Mascio, and as explained by this Court in its opinion in Volrath, quoted above.

[Doc. 11 at 10].

Perplexingly, however, the Plaintiff does not proceed from the above paragraph to articulate what "Mascio standard" the ALJ allegedly violated, or how the ALJ's reasoning is inconsistent with Mascio, nor does she give any legal analysis discussing *why* the ALJ's decision necessitates the relief requested. Instead, it appears that the Plaintiff indiscriminately fills the next ten pages of her brief with unadorned excerpts of the evidence before

concluding for the second time, as though this rote summary of the evidence speaks for itself, that the ALJ violated the "standard" required by Mascio. [See Doc. 11 at 10-20]. That is the entirety of the Plaintiff's "argument." [Id.].[3]

Lacking any discernable argument from the Plaintiff, this Court, like the Defendant, can only guess as to what the Plaintiff *might* have intended to argue in her brief.[4] It appears that the Plaintiff *may* be arguing that the ALJ

---

[3] It is often necessary for this Court to read between the lines when reviewing the pleadings of *pro se* litigants, but the same should not be necessary to comprehend pleadings drafted by lawyers. Especially where, as here, counsel for the Plaintiff has been expressly and repeatedly instructed not to file briefs which lack legal argument like the one filed in this case. McClellan v. Astrue, Civil No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, at *3 (W.D.N.C. Oct. 28, 2013) (Howell, Mag. J.) (collecting cases). Judge Howell's warning was clear:

> [G]oing forward, the Court will strike any brief submitted by counsel in a social security case that does not separately set forth each alleged error and contain legal authority supporting each of the claimant's alleged errors. In addition, each alleged error must contain legal analysis explaining how such authority supports Plaintiff's position that the ALJ erred.

Pascoe v. Astrue, Civil No. 1:11CV226, 2012 WL 3528054, at *3 (W.D.N.C. July 23, 2012). Nonetheless, the Court notes *several* briefs recently filed by counsel, including the instant brief, which demonstrate that these warnings and instructions have had little impact. See e.g., Doc. 11; McCoy v. Colvin, Civil Case 1:15-cv-00209-MR, Doc. 10.

Recently, this Court has been lenient in accepting briefs from counsel that failed to meet these minimum standards. See Cole v. Colvin, Civil No. 1:15-CV-00199-MR (noting that Plaintiff's brief is "not the model of clarity," but ultimately determining that remand is appropriate). Once again, however, this Court instructs counsel to separately set forth each alleged error, cite relevant legal authority, and include a discussion as to how the cited authority supports his arguments. Going forward, the Court will strike any briefs which do not conform to this minimum standard.

[4] Tasked with responding to a brief that is utterly lacking in legal argument and analysis, the Defendant could only speculate about the arguments Plaintiff *might* have intended to make based upon the nature of the facts which the Plaintiff recited in her "argument."

was obligated to accept the Plaintiff's allegations regarding the intensity of her physical and mental limitations. This is plainly incorrect, however, because the regulations clearly state that subjective complaints alone cannot establish disability, 20 C.F.R. §§ 404.1529(a) and 416.929(a), and the ALJ need not accept the Plaintiff's alleged limitations to the extent those subjective complaints are inconsistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(b) and 416.929(b).

Here, the ALJ correctly analyzed the Plaintiff's subjective complaints of physical pain, and substantial evidence supports his determination that the Plaintiff's allegations regarding the intensity of her pain are inconsistent with the rest of the evidence. At the outset, the ALJ noted the Plaintiff's statement that her back pain and neck pain are severe, and that she can only stand for ten minutes before needing to change positions. [T. 30]. The ALJ then correctly contrasted Plaintiff's testimony with other relevant evidence. See 20 C.F.R. §§ 404.1529(c) and 416.929(c). For example, the ALJ noted that the Plaintiff told one provider that she took pain medication as needed, and that the medication seemed to adequately control her pain. [Id.]. The ALJ discussed the Plaintiff's medical records at length, and

---

[See Doc. 13] (addressing the facts which the Plaintiff "mentions," "recounts," or "talk[s] about" as though each is a legal argument deserving of a reply).

particularly noted that the images of the Plaintiff's lumbar spine show "no effacement or nerve root compression." [Id.]. The ALJ also noted the Plaintiff's activities of daily living, including the Plaintiff's testimony that she performs repetitive mopping, sweeping, taking out the trash, and that she took care of her mother prior to her mother's passing — a task which, according to the Plaintiff, required her "to lean over her mother frequently." [T. 33] (quoting [T. 523]). In concluding that the Plaintiff's subjective complaints of pain were not entirely credible, the ALJ explained,

> [C]laimant's complaints of severe pain are not supported by the treating notes which consistently document she is in no acute distress. For example, the claimant complained of pain during office visits that is an 8 out of 10, but is not noted to be in acute distress. Additionally, in recent office visits, she is asked if she is in pain and the claimant's responses are documented to be "no."

[T. 31].

Accordingly, the ALJ applied the correct legal standard and substantial evidence supports his decision not to adopt the Plaintiff's subjective allegations regarding the intensity of her physical limitations.

The ALJ also correctly analyzed the Plaintiff's subjective complaints of mental limitations. The ALJ noted the Plaintiff's testimony that she suffers from depression, anxiety, agoraphobia, and PTSD, but the ALJ ultimately concluded that "there is little support in the way of objective findings" to

substantiate her conditions. [T. 32]. The ALJ explained his decision by pointing out that the Plaintiff's treatment and medication refills have been "conservative in nature," her clinical findings are "unremarkable and are unsupportive of the claimant's allegations of severely limiting mental impairments," and that her treating notes "overwhelmingly describe the claimant has [sic] alert and cooperative with normal mood and affect and normal attention span and concentration." [T. 32]. Accordingly, substantial evidence also supports the ALJ's determination not to adopt the Plaintiff's allegations regarding the intensity of her mental limitations.

To the extent the Plaintiff argues that the ALJ erred by failing to incorporate her alleged limitations in his hypothetical to the VE, that argument is also without merit. "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted). As explained *supra*, the ALJ did not err in excluding the Plaintiff's alleged physical and mental limitations because he justifiably concluded that her allegations were not entirely credible. Consequently, the Plaintiff has not demonstrated that

12

the ALJ failed to fairly set out all of the Plaintiff's impairments in his hypothetical to the VE.

The Plaintiff also appears to take issue with the fact that the ALJ prevented the VE from answering whether a particular reduction in the number of jobs would constitute a "significant erosion" of the light occupational base. This assertion too must fail. As the ALJ correctly explained during the hearing, the VE may offer testimony regarding the number of available jobs based upon varying hypothetical impairments, but the "adjudicator" (here, the ALJ) determines the extent of the erosion of the occupational base. See SSR 96-9p n.8 (Jul. 2, 1996) ("The VE's opinion is not binding on an adjudicator, but must be weighed along with all other evidence.").[5]

Because this Court concludes that substantial evidence supports the ALJ's decision, and the ALJ applied the correct legal standards, the decision of the ALJ must be affirmed. See Richardson, 402 U.S. at 401; Hays, 907 F.2d at 1456.

---

[5] To the extent that Plaintiff attempts to weave any other legal arguments or errors into this assignment of error, the Court disregards those arguments, because the Court has repeatedly instructed counsel for the Plaintiff that each assignment of error must be separately set forth in the brief. McClellan v. Astrue, Civil No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, n. 2 (W.D.N.C. Oct. 28, 2013) (Howell, Mag. J.).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **DENIED**, the Defendant's Motion for Summary Judgment [Doc. 12] is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: March 8, 2017

Martin Reidinger
United States District Judge